E-FILED
Wednesday, 26 August, 2015  10:36:45 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **LAURA J. SIGLER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 14-3166** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>OPINION</u>

**SUE E. MYERSCOUGH, U.S. District Judge.**

Before the Court is Petitioner Laura Sigler's Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 4).  Because the Motion is untimely and is not subject to equitable tolling, the Motion is DENIED.

## I. BACKGROUND

On April 14, 2012, a single-count indictment was filed that charged the Petitioner with one count of knowingly using a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a)

and (e).  See Sigler v. United States, No. 3:12-cr-30038 (C.D. Ill.) ("Criminal Case"), Indictment, d/e 9.  On December 6, 2012, the Petitioner pled guilty before Magistrate Judge Byron G. Cudmore to the indictment pursuant to a written Plea Agreement.  See Criminal Case, Plea Agreement, d/e 28.  Following the guilty plea, the Petitioner was sentenced to the custody of the United States Bureau of Prisons for 262 months on April 15, 2013, and judgment was entered on April 17, 203.  See Criminal Case, Judgment, d/e 45.

The Petitioner did not pursue a direct appeal of her sentence within her deadline to appeal of May 1, 2013, 14 days after entry of judgment.  See Fed. R. App. P. 4(b)(1)(A)(i)).  However, the Petitioner did send several letters to the Court beginning on August 2, 2013. See Criminal Case, Letters from Def., d/e 50, 54, 56.  In the Petitioner's first letter to the Court, she stated that she wished to appeal her sentence because her counsel had been ineffective and she was not in the right state of mind to fully understand the ramifications of her plea agreement.  See Criminal Case, Letter from Def., d/e 50.  The Petitioner also stated that she told her attorney that she wished to appeal, but that he responded that she had waived her appeal rights in her plea agreement and that the appeals

deadline had passed.  Id.  Furthermore, the Petitioner complained that she received an unfair sentence compared to her co-defendant and that she should have been examined by a psychiatrist prior to sentencing.  Id.  Lastly, she requested that an attorney be appointed to help her file an appeal based on the case of Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (2013), which held that any factor that increases a defendant's statutory minimum sentence must be decided by a jury.  Id.

The Court ordered the parties to respond to the issues raised in the Petitioner's letter.  Criminal Case, Text Order of Aug. 2, 2013. Both the Government and the Petitioner's attorney stated that the Court did not have jurisdiction in the criminal case to address the Petitioner's complaints, as the appeals period had passed.  Criminal Case, Resp. Letters, d/e 52, 53.  After reviewing the parties' responses, the Court found that it lacked jurisdiction to reopen the Petitioner's case and instead directed the Clerk of Court to send the Petitioner a form to submit a § 2255 Motion to Vacate, Set Aside, or Correct a Sentence.  Criminal Case, Text Order of Aug. 26, 2013.

The Petitioner did not file a § 2255 motion at that time. Instead, she sent a second letter to the Court on October 17, 2013,

requesting any transcripts that might exist for her case.  Criminal

Case, Letter from Def., d/e 54.  On January 28, 2014, the Petitioner

sent another letter re-raising many of the same issues that she

raised in her first letter and requesting an extension of time to file

an appeal.  Criminal Case, Letter from Def., d/e 55.  The Court

issued an opinion holding that the Petitioner's appeal deadline of

May 1, 2013, had long passed and that she had not requested an

extension within the required time period.  Criminal Case, Op. of

Jan. 28, 2014, d/e 57.  The Court again directed the Clerk of Court

to send the Petitioner a § 2255 Motion to Vacate, Set Aside, or

Correct a Sentence form.  The Petitioner still did not file her § 2255

Motion at that time.  Instead, she sent another letter to the Court

on February 10, 2014, in which she argued that she received an

unfair sentence because the Court had a conflict of interest because

it sentenced both the Petitioner and her co-defendant.  Criminal

Case, Letter from Def., d/e 56.

On June 3, 2014, the Petitioner opened this case by filing a

Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a

Person under Federal Custody.  Mot., d/e 1.  In addition to the

arguments raised in the letters the Petitioner previously mailed to

the Court in her criminal case, the Petitioner claims in her habeas motion that she was not aware that she could testify on her own behalf.  Am. Mot., d/e 4.  The Petitioner's original motion was not signed and did not clearly state what relief the Petitioner was seeking, so on September 23, 2014, the Court ordered the Petitioner to file a corrected habeas motion by November 10, 2014, or face dismissal of her case.  See Text Order of Sept. 23, 2014.  In response to the Court's order, the Petitioner filed a second § 2255 Motion on October 14, 2014.  Mot., d/e 3.  However, the Petitioner again failed to complete the last page of the Motion and failed to sign the Motion.  See id. at 13.  The Court again ordered the Petitioner to submit a completed § 2255 Motion by November 10, 2014, or face dismissal of her case.  Text Order of Oct. 15, 2014.

The Petitioner submitted her Amended Motion on October 30, 2014.  Am. Mot., d/e 4.  After seeking two extensions, the Government filed a Response to the Petitioner's Amended Motion on February 3, 2015.  See Government's Resp. to/Mot. to Dismiss Pet'r's § 2255 Motion, d/e 8.  The Government argued that the Petitioner's Motion should be denied both because it was filed outside the one-year statute of limitations and because it was

barred by the waiver of collateral attack contained within the Petitioner's Plea Agreement.  See id. at 5-6; Criminal Case, Plea Agreement, d/e 28 ¶ 23.  The Petitioner's original date for filing a reply was March 6, 2015.  See Text Order of Jan. 26, 2015.  After the Petitioner filed a Motion for Extension of Time to File Reply on February 20, 2015 (d/e 9), the Court granted the Petitioner an extension until March 20, 2009 to file her reply.  Text Order of Feb. 23, 2015.  However, the Petitioner never filed a reply.

## II.  ANALYSIS

A §2255 Motion to Vacate, Set Aside, or Correct a Sentence may be brought by a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. §2255(a).  A one-year period of limitation applies to § 2255 petitions.  The one-year period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if

the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Here, subsection (1) is the only subsection that could apply, as there was no impediment to filing an application created by governmental action, the Petitioner is not asserting a newly recognized constitutional right, and the Petitioner has not alleged that there was a later, post-sentencing date on which the factual predicate of the Petitioner's claims could have been discovered. Therefore, the limitations period ran from one year after the date the Petitioner's judgment became final.  The Petitioner's conviction and sentence became final on May 1, 2013, but she did not file her § 2255 motion until June 3, 2014, more than one year later, outside the statute of limitations.  As a result, the Petitioner's motion is barred unless it is subject to equitable tolling.

Equitable tolling can allow a Court to hear an untimely § 2255 motion, but the doctrine only applies in limited circumstances. Holland v. Florida, 560 U.S. 631, 645, 650 (2010).  Equitable tolling saves an otherwise untimely habeas petition if the petitioner can establish that (1) she had been pursuing her rights diligently, and (2) some extraordinary circumstance prevented her from filing her petition on time.  Pace v. Diguglielmo, 544 U.S. 408, 418 (2005). The extraordinary circumstances that prevented timely filing must have been "far beyond the litigant's control."  United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000).  Additionally, the Petitioner must show that she acted with reasonable diligence during the entire period of time she seeks to have tolled.  See id.; Smith v. McGinnis, 208 F.3d 13, 17 (2nd Cir. 2000); Valverde v. Stinson, 224 F.3d 129, 134 (2nd Cir. 2000) (the petitioner must show diligence in attempting to file after the extraordinary circumstances began; if he does not do so, "the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing").  Because of these strict standards,

"[e]quitable tolling is rarely granted." <u>Tucker v. Kingston</u>, 538 F.3d 732, 734 (7th Cir. 2008).

The United States Supreme Court analyzed the level of activity required to constitute diligence in <u>Holland v. Florida</u>. 560 U.S. at 650-54; <u>see also</u> <u>Taylor v. Michael</u>, 724 F.3d 806, 810-11 (7th Cir. 2013) (commenting that <u>Holland</u> illustrates a diligent pursuit of rights in the face of extraordinary circumstances in the habeas context). In <u>Holland</u>, the attorney appointed to represent the petitioner in all state and federal postconviction proceedings failed to timely file the petitioner's federal habeas petition and was unaware of when the limitations period expired. <u>Holland</u>, 560 U.S. at 635-36, 652. The Supreme Court noted that these facts alone might suggest simple negligence, which does not warrant tolling the period of limitation. <u>Id.</u> at 652. However, the attorney also failed to (1) timely file the petition despite the petitioner's repeated letters emphasizing the importance to do so and identifying the applicable legal rules; (2) inform the petitioner when the state supreme court decided his case, despite the petitioner's many requests for that information; and (3) communicate with his client over a period of years, despite the petitioner's numerous requests that counsel

respond to the petitioner's letters.  Id.  The Court found that the
attorney's failures prejudiced the petitioner because the petitioner
lost his one opportunity to challenge his imprisonment and death
sentence by way of a federal habeas petition.  Id. at 653.

　　In ruling in favor of the petitioner, the Court noted the
petitioner's diligence, which included writing numerous letters to
his attorney and contacting the state courts and their clerks in an
effort to have his attorney removed from his case.  Id.  In addition,
when the petitioner learned of the expiration of his one-year statute
of limitations five weeks after it passed, he immediately wrote out
his own pro se habeas petition and mailed it to the court the next
day.  Id.  The Supreme Court found that this level of diligence was
sufficient to equitably toll the limitations period, such that the
petitioner's habeas motion could be considered by the district court,
even though it had been filed five weeks after the expiration of the
one-year statute of limitations.  Id. at 653-54.

　　In contrast to Holland, the petitioner in Taylor, who similarly
had trouble communicating with his attorney, failed to demonstrate
diligent pursuit of his rights.  Taylor, 724 F.3d at 811.  In Taylor,
the petitioner made several unsuccessful attempts to contact his

attorney about filing a habeas motion.  Id.  However, unlike the petitioner in Holland, the petitioner in Taylor did not show that he made a substantial effort to become familiar with the timeliness requirements, which resulted in him not filing his petition until three months after his filing window had closed.  Id.  Additionally, the petitioner failed to make any effort to confirm the due date of his federal habeas petition despite having several months to do so. Id.  Finally, although the Court recognized that the petitioner likely was not familiar with the law, the court found that a lack of familiarity with the law is not a circumstance that justifies equitable tolling.  Id. (citing Tucker, 538 F.3d at 735).

Here, the Petitioner would need to equitably toll a sufficient period of time between May 1, 2013 and June 3, 2014, when the Petitioner filed her federal habeas petition, to bring her filing within the one-year limitations period.  Even though the Petitioner filed her petition only slightly more than one month beyond her one-year deadline, the Court cannot equitably toll the Petitioner's limitations period to make her filing timely.  The Petitioner has shown neither that she was diligently pursuing her rights nor that some extraordinary circumstance prevented her from filing her federal

habeas petition on time.  Unlike the petitioner in <u>Holland</u>, the

Petitioner has not shown that she was diligent regarding her habeas

petition's due date, that she previously sought assurance that her

claims would be preserved for habeas review, nor that her attorney

disadvantaged her in filing a habeas petition.  The Petitioner took

no action until over three months after her sentence became final,

at which point she sent a letter to the Court complaining about her

attorney.  <u>See</u> Criminal Case, Letter from Def., d/e 50.  Her other

letters also do not demonstrate diligence either, as the letters

simply repeated her earlier complaints and continued to not follow

the proper procedure that the Court had presented to the Petitioner

by mailing her the habeas motion form.  <u>See</u> Criminal Case, Letter

from Def., d/e 54, 56.

The Petitioner claimed that her attorney disadvantaged her in

not filing an appeal, but attorney negligence is generally not an

extraordinary circumstance for purposes of equitable tolling.  <u>See</u>

<u>Modrowski v. Mote</u>, 322 F.3d 965, 967 (7th Cir. 2003) (declining to

equitably toll the period of limitations for a petitioner whose

attorney missed the filing deadline by one day due to mental

incapacity); <u>Johnson v. McCaughtry</u>, 265 F.3d 559, 566 (7th Cir.

2001) (rejecting the petitioner's argument that the limitations period should be equitably tolled because the delays were due to an incompetent attorney). A client, even one who is incarcerated, must oversee and take responsibility for her attorney's actions and failures. Modrowski, 322 F.3d at 968. The Petitioner also cannot claim that her lack of representation during post-judgment proceedings prevented her from filing her habeas petitions, as a petitioner's lack of legal expertise and counsel during the applicable period does not constitute extraordinary circumstances warranting equitable tolling. See, e.g., Tucker, 538 F.3d at 735 ("[S]tanding alone, lack of legal expertise is not a basis for invoking equitable tolling."); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

The Court acknowledges that the Petitioner did make some attempt to pursue her rights by sending several letters to the Court in her criminal case. However, the Court twice sent habeas motion forms to the Petitioner, and the Petitioner did not promptly file her habeas motion. In the latter of the Court's orders to send a habeas

motion to the Petitioner, the Court expressly warned the Petitioner to be aware of the one-year statute of limitations imposed on habeas petitions.  <u>See</u> Criminal Case, Op. of Jan. 28, 2014, d/e 57 at 5-6.  The Petitioner still did not submit her motion until more than four months later.  The Court finds that such a delay cannot be considered "diligence," and that the Petitioner's efforts were instead comparable to the unsuccessful attempts of the petitioner in <u>Taylor</u>.  Because the Petitioner has shown neither that extraordinary circumstances outside her control prevented her from timely filing her petition nor that she diligently pursued her claim, the Petitioner's motion cannot be subject to equitable tolling.  As a result, the Petitioner's petition is barred by the one-year statute of limitations imposed by 28 U.S.C. § 2255(f).

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings For the United States District Courts, this Court declines to issue a Certificate of Appealability.  Reasonable jurists would not dispute that this action is barred by the applicable period of limitations.  <u>See</u> 28 U.S.C. § 2253(c)(2).

## IV. CONCLUSION

For the reasons stated above, Petitioner Laura Sigler's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 4) is DENIED.  The Clerk is directed to close this case.

ENTER: August 25, 2015.

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE